UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RUBEN SMITH, M.D.,

                         Plaintiff,

        -against-                                 **ORDER**
                                                                  04-CV-3555 (LDW)(ARL)

FRANKLIN HOSPITAL MEDICAL CENTER,

                         Defendant.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Defendant moves by letter application dated July 12, 2005 for an order compelling plaintiff to disclose: (i) information relating to damages; (ii) employment authorizations; (iii) medical, psychiatric and counseling records; and (iv) evidence in support of his claim that there were agreements between the parties regarding his employment. Plaintiff opposes the application by letter dated July 8, 2005.[1] These items are addressed below.

### I. Information Regarding Damages

       Defendant seeks to compel production of plaintiff's federal and state income tax returns for the years 2000 to the present and all W-2s and 1099s reflecting income earned from January 1, 2000 to present. Defendant asserts that these documents are relevant to plaintiff's claim for economic damages which includes back pay, front pay, compensatory and punitive damages. In addition, defendant seeks to compel the plaintiff to provide a sworn response to its interrogatory concerning plaintiff's damages computations. While plaintiff does not contest the defendant's

---

[1] The court notes that defendant initially submitted its application on July 8, 2005 but subsequently withdrew it and filed the instant application. Plaintiff, having already submitted a response to the July 8th application, advised the court that it would not be submitting additional papers and would rely on its July 8th opposition.

application insofar as it seeks a sworn response to his damages computation, plaintiff contends that the tax returns are not discoverable for two reasons. First, plaintiff claims that because he filed joint federal and state tax returns with his wife, defendant is not entitled to the tax returns. Second, plaintiff contends that any income he may have earned through investments in real estate or in the stock market is irrelevant to this lawsuit and therefore the tax returns are not discoverable. It is well-settled that "tax returns in the possession of the tax payer are not immune to civil discovery." See, e.g., St. Regis Paper Co. v. United States, 368 U.S. 208, 218-19, 82 S. Ct. 289, 295, 96 (1961). However, courts are cautious in ordering their production and have ordered such disclosure only upon satisfaction of a two-prong test: (1) relevance and (2) compelling need because the information is not otherwise readily available. See, e.g., Hamm v. Potamkin, No. 98 Civ. 7425 (RWS), 1999 WL 249721 at *2 (S.D.N.Y. April 28, 1995) (citing SEC v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985 (additional citations omitted)).

Here, plaintiff's past and present earnings are relevant to plaintiff's claim of lost earnings and mitigation of damages. In fact, plaintiff does not dispute that plaintiff's earned income is relevant. Rather, he seeks to limit the disclosure to exclude investment income as well as income information pertaining to his spouse. The court agrees that plaintiff's investment income as well as income earned by his spouse are not relevant to the issues in this lawsuit. However, the inqiry does not end here because the court must also asses whether there is a compelling need for the disclosure of plaintiff's tax returns. Here, the defendant has demanded production of plaintiff's tax returns as well as all of plaintiff's W-2s and 1099s reflecting income for the period January 1, 2000 to the present. In response, plaintiff has produced a 2004 W-2 and earnings summary issued by Interfaith Medical Center. In addition, plaintiff has produced two earnings statements issued by Franklin Medical Center for pay periods ending March 29, 2003 and June 7, 2003 as

well as two earnings statements issued by Interfaith Medical Center for the pay periods ending February 14, 2004 and February 26, 2004. See Plaintiff's letter to defense counsel, dated June 24, 2005, annexed to his July 8, 2005 letter to the court. Plaintiff does not provide any basis for his decision to produce earnings statements and W-2s only for the discrete periods identified above. Thus, in the absence of any basis to withhold these records, the court directs plaintiff to produce all W-2s, 1099s and earnings statements for the period of January 1, 2000 to present. Plaintiff is warned that his failure to do so may result in an order precluding the introduction of evidence to support his damages claim. In light of this ruling, the court finds that there is no compelling need for the production of plaintiff's tax returns at this time. In addition, plaintiff is directed to provide a sworn response to defendant's Interrogatory No. 9, which requests a computation of damages. This sworn response, together with the W-2s and 1099s, shall be produced by August 12, 2005.

## II. Employment Authorizations

Defendant seeks authorizations releasing plaintiff's employment records from his employers for the period commencing January 1, 2000 to the present. Plaintiff does not oppose defendant's application in this regard. The court finds that plaintiff's employment records are relevant to plaintiff's claims for damages. Accordingly, plaintiff is directed to produce duly executed authorizations for the release of his employment records for the period commencing January 1, 2000 to the present. The authorizations shall be provided by August 12, 2005.

## III. Medical, Psychiatric and Counseling Records

Defendant seeks an order compelling plaintiff to execute HIPAA-complaint authorizations for the release of his medical, pharmacy, psychiatric or psychological treatment or counseling records. In response, plaintiff asserts that he has never retained the services of a

physician, psychiatrist, psychologist or therapist since his June 30, 2003 termination from Franklin Hospital Medical Center. Plaintiff's response does not address, however, the balance of the period covered in the defendant's demand, namely from January 1, 2000 through June 30, 2003. In light of plaintiff's claims for intentional and negligent infliction of emotional distress, defendant has "'a clear right to make a searching inquiry into the plaintiff's past for the purpose...of showing that [his]...emotional distress was caused, at least in part, if not in whole, by events and circumstances that were in no way 'job-related.'" <u>Bujnicki v. American Paving and Excavating, Inc.</u>, 2004 WL 1071736 at *18 (W.D.N.Y. Feb 25, 2004) (citation omitted). Thus, the court finds that the information sought by defendant is relevant because plaintiff has placed his physical and emotional condition at issue given his claim for intentional infliction of emotional distress and his claim for compensatory damages. Accordingly, defendant is entitled to disclosure of the records sought and plaintiff is directed to provide duly executed authorizations for the release of these records by August 12, 2005.

**IV. Evidence in Support of Plaintiff's Claim That There Were Agreements Between Defendant and Plaintiff Regarding His Employment**

Finally, defendant seeks an order compelling the production of evidence in support of plaintiff's claim that "agreements" exist between defendant and plaintiff concerning the continuation of his employment. Plaintiff asserts that such disclosure is protected from production by the work-product privilege and has produced a privilege log identifying the types of documents, general subject matter and authors of the documents he claims are privileged. <u>See</u> Plaintiff's Answers and Objections to First Demand for Documents, dated March 29, 2005. Local Civil Rule 26.2 additionally requires the dates of the documents, the addressees, and such other information so as to sufficiently identify the documents. <u>See</u> Local Civil Rule

26.2(a)(2)(A). Thus, the court finds that the plaintiff's privilege log is deficient. In light of these deficiencies, the court cannot assess plaintiff's privilege claim. Accordingly, plaintiff is directed to serve a proper privilege log on the defendant by August 12, 2005. If the defendant continues to object to the privilege claim after reviewing the revised log, it may raise its objection by letter application to the court.

Dated: Central Islip, New York
       August 2, 2005

**SO ORDERED:**

/s/
_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge