UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RUBEN SMITH, M.D.,

                          Plaintiff,

        -against-                            **ORDER**
                                                         04-CV-3555 (LDW)(ARL)
FRANKLIN HOSPITAL MEDICAL CENTER,

                          Defendant.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Defendant moves by letter application dated August 23, 2005 for an order pursuant to Federal Rule of Civil Procedure 37(a)-(c), the Local Civil Rules of the Southern and Eastern districts and the Individual Rules of the undersigned precluding the plaintiff from introducing any evidence concerning his physical, emotional and economic damages as well as any evidence in support of any claim for which he asserted that such evidence is protected from disclosure by the attorney-client or work-product privileges. Defendant also seeks to recover its costs and attorneys' fees in connection with the instant application as a sanction for plaintiff's alleged willful contempt of this court's August 2, 2005 order. Plaintiff opposes the application by letter dated August 24, 2005.

      By order dated August 2, 2005, the court directed the plaintiff to produce by August 12, 2005 duly executed authorizations for the release of his employment records for the period commencing January 1, 2000 to the present as well as HIPAA-complaint authorizations for the release of his medical, pharmacy, psychiatric or psychological treatment or counseling records. The court further ordered that plaintiff serve a privilege log in compliance with Local Civil Rule 26.2 on the defendant by August 12, 2005. According to the defendant, plaintiff has failed to

comply with either of these directives.

With regard to the authorizations for the release of the plaintiff's employment records, the plaintiff has provided limited authorizations for the release of wage information and the nature of his employment from his employers for the period commencing January 1, 2000 through August 2, 2005. These authorizations do not comply with the court's order and are therefore insufficient. Accordingly, defendant shall provide plaintiff with authorizations for the release of his complete employment records for the period from January 1, 2000 to date. Plaintiff shall sign and return the authorizations to defendant by September 19, 2005. The plaintiff has also failed to provide HIPAA-complaint authorizations for the release of his medical, pharmacy, psychiatric or psychological treatment or counseling records as ordered by the court. The authorizations provided by the plaintiff are insufficient in that they authorize only the release of medical records limited to alcohol and mental health treatment and, depending on the treatment provider, improperly limit the time period. Accordingly, defendant shall provide plaintiff with HIPPA-compliant authorizations for the release of the his complete medical, pharmacy, psychiatric or psychological treatment or counseling records for the time period from January 1, 2000 to June 30, 2003 and plaintiff shall sign and return the authorizations to the defendant by September 19, 2005.

Turning to the plaintiff's assertion of the work-product privilege with regard to the defendants' document requests, defendants contend that plaintiff has failed to comply with the court's order in that he has failed to provide a proper privilege log. While the defendant claims that the plaintiff has asserted the work-product privilege in response to twenty-nine of the document requests, the court has reviewed the plaintiff's responses and finds that he has asserted privilege in response to eleven of the requests, specifically requests numbered 40, 46, 47, 49, 56,

57, 58, 64, 65, 69 and 101. In addition, the plaintiff has revised his response since his assertion of privilege as to these requests claiming now that the handwritten notes initially identified in response to requests numbered 40, 47, 64, 65 and 69 have been destroyed or misplaced and that no such documents exists in response requests numbered 56 and 58.[1] (See plaintiff's letter, dated August 11, 2005). Although plaintiff has not prepared a privilege log in the manner contemplated by the federal rules, it appears that he has supplied whatever information may yet exist with respect to these documents. Plaintiff is nonetheless directed to prepare a privilege log supplying to the extent possible the data required by Local Rule 26.2. Additionally, the plaintiff shall provide defendant with a sworn response by September 19, 2005 specifying which documents no longer exist.

Plaintiff has withdrawn his assertion of privilege with regard to the hospital handbook referenced in response to request numbered 47, a 2003 letter referenced in response to request numbered 49, and the correspondence referenced in his response to requests numbered 64, 65 and 69. Accordingly, the plaintiff shall produce these documents to the defendant by September 19, 2005. As to request numbered 101, the plaintiff appears to have withdrawn his assertion of privilege, claiming now that the request is objectionable in that it is overly broad. (Id.). The objection is overruled. Plaintiff shall produce responsive documents to the defendant by September 19, 2005. Finally, given the plaintiff's failure to provide a privilege log in compliance with Local Rule 26.2 and the court's August 2, 2005 order for requests numbered 46 and 57, the court finds that he has waived the work-product privilege with respect to these documents. Fed. R. Civ. P. 37 (b)(2); Fed. R. Civ. P. 26 (b)(5); Local Civil Rule 26.2; see, e.g., FG Hemisphere

---

[1] The court notes that the plaintiff's reference to "interrogatories" rather than document requests in his August 11, 2005 is in error. It is clear that the plaintiff is referring to the document requests.

Associates, L.L.C. v. Republique Du Congo, No. 01 Civ. 8700 (SAS), 2005 WL 545218, *6 (March 8, 2005) ("As other judges in this District and I have repeatedly held, the unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege") (citations omitted); Sheikhan v. Lenox Hill Hospital, 98 Civ. 6468 (WHP), 1999 WL 386714, *3 (June 11, 1999) (finding that asserted privilege was waived due to defendant's failure to comply with the requirements of the federal rules as well as the court's local rules). The plaintiff shall provide the withheld documents to the defendant by September 19, 2005. The application for sanctions is denied.

Dated: Central Islip, New York
September 13, 2005

**SO ORDERED:**

/s/
_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge